THE UNITED STATES DISTRICT COURT

THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY DOCKET UNIT

Shawn July
   (Plaintiff)        :

                  :

   v.              :

2018 SEP 14  PM 4: 28

Civil No. __**18CV8431**__

1. New York City/ New York  :
City Police Dept. (Queens  :
Borough)
2. Officer Pizarro        :
3. Unnamed Police Officer   :
4. Unnamed Police Officer   :
5. Unnamed Police Officer   :
6. Assistant District Attorney:
   George Farrugia
7. Vernon C. Bain Center   :
8. Warden Saunders       :
9. CO Alasan Henery      :
10. CO Wallace          :
11. CO Arias           :
12. CO Lamar           :
13. CO Cai             :
14. Captain Vismale       :
15. Captain Santos        :
16. Captain Norton       :

CIVIL COMPLAINT

JURY TRIAL DEMANDED

All Individuals are Sued in
their Individual Capacities.

TO BE FILED UNDER:_X_ **42** U.S.C. §1983-STATE OFFICIALS
                ___ 28 U.S.C. §1983-FEDERAL OFFICIALS

## I. JURISDICTION

1. This is a civil action authorized by 42 U.S.C. Section 1983 to
   redress deprivation, under state law secured by the  Constitut
   ion of the United States. This Court has jurisdiction under 28
   U.S.C. Section 1331 and 1343(a)(3). This Court also has suppl-
   emental jurisdiction of Plaintiff's state law claims under 28
   U.S.C. Section 1367.


2. The United States District Court for the Southern District of
   New York is the appropriate venue under 28 U.S.C. Section 1391
   (b)(2) because it is where the events giving rise to these
   claims occurred.

## II. PLAINTIFF

1. Plaintiff, Shawn July, is currently incarcerated in *NEW JERSEY STATE PRISON, TRENTON, NEW JERSEY* Plaintiff was at all times ment ioned herein a resident/citizen of New Jersey and/or was incarcerated in the Vernon C. Bain Center (VCBC) in New York City.

## III. DEFENDANTS

1. Defendant, New York City (NYC), at all times mentioned herein is/was the Municipality responsible for the policymaking and for the delegation of powers/duties to its Political Sub-Division the NYC (Queens Borough) Police Department (NYPD) and is also responsible for the management/supervision of the NYPD and any employee within that acts under the color its authority or color of state law, and is responsible for the care and safety of the citizens of NYC and any Borough, Township, or Municipalities that are within its jurisdiction, and at all times mentioned herein this complaint acted under the color of state law and are liable for the claims averred against it.

2. Defendant, NYPD, and at all times mentioned herein is/was the political sub-division responsible for the policymaking and supervision of its law enforcement officials, and directly responsible for the care, custody, and safety of the citizens of NYC, Queens Borough jurisdiction, and is then at all times mentioned herein this complaint acted under the color of state law and is liable for the claims averred against it.

3. Defendant, Police Officer (P/O) Pizzaro, at all times ment ioned herein acted as a police officer for the Queens Borough NYPD, under the color of state law, and at all times mentioned in this complaint is responsible for the claims averred against him.

4. Defendant, Unnamed Police Officer (UN P/O), at all times mentioned herein this complaint acted as a police officer for the Queens Borough NYPD, under the color of state law, and at all times mentioned herein this complaint is responsible for the claims averred against him.

5. Defendant, Unnamed Police Officer (UN P/O2), at all times mentioned herein acted as a police officer for the Queens Borough NYPD, under the color of state law, and all times mentioned herein this complaint is responsible for the claims averred against him.

6. Defendant, Unnamed Police Officer (UN P/O3), at all times mentioned herein acted as a police officer for the Queens Borough NYPD, under the color of state law, and at all times mentioned herein this complaint is responsible for the claims averred against him.

7. Defendant, Unnamed Police Officer (UN P/O4), at all times
mentioned herein acted as a Police Officer for the Queens
Borough NYPD, under the color of state law, and at all times
mentioned herein this complaint is responsible for the claims
averred against him

8. Defendant, George Farrugia, Assistant District Attirney,
(ADA), at all times mentioned herein acted as the ADA for NYC,
and acted under the color of state law, and at all times
mentioned herein this complaint is responsible for the claims
averred against him.

9. Defendant, Vernon C. Bain Center (VCBC), at all times mention
ed herein is/was the minicipality/prison responsible for the
care, custody, and safety of Plaintiff in 2015, and is resp
onsible for the supervision and policymaking of its facility.
It is also responsible for the acts of its employees within
and under its direct supervision/authority, and at all times
mentioned herein this complaint acted under the color of state
law and is responsible for any claims averred against it.

10. Defendant, Warden Saunders, at all times mentioned herein
acted as the Warden for the VCBC, under the color of state
law. Defendant is therefore liable for any deprivation of the
Plaintiff's rights, and is therefore liable for all claims
averred against herein.

11. Defendant, Correctional Officer (CO) Alasan Henery, at all
times mentioned herein acted as a CO for the VCBC and there
fore was acting under the color of state law when ensuring
the care, custody, and control of Plaintiff in 2015, and is
liable for any deprivation of Plaintiff's rightsand is liable
for any claims averred against him herein.

12. Defendant, CO Wallace, at all times mentioned herein acted as
a Co for the VCBC and therefore was acting under the color
of state law when ensuring the care, custody, and control of
Plaintiff in 2015, and is therefore liable for all claims
averred against him herein this complaint.

13. Defendant, CO Arias, at all times mentioned herein acted as
a CO for the VCBC and therefore was acting under the color
of state law when ensuring the care, custody, and control of
Plaintiff in 2015, and is therefore liable for all claims
averred against him herein this complaint.

14. Defendant, CO Lamar, at all times mentioned herein acted as
a CO for the VCBC and therefore was acting under the color
of state law when ensuring the care, custody, and control of
Plaintiff in 2015, and is therefore liable for all claims
averred against him herein this complaint.

15. Defendant, CO Cai, at all times mentioned herein acted as a CO for the VCBC and therefore was acting under the color of state law when ensuring the care, custody, and control of Plaintiff in 2015, and is therefore liable for all claims averred against him herein this complaint.

16. Defendant, Captain (Cpt.) Vismale, at all times mentioned herein acted as a Supervisor for the VCBC, and overseen, condoned, authorized, and/or aided the misconducts of the VCBC's CO's, and acted under the color of state law, there for making them responsible for all claims averred against them in this complaint.

17. Defendant, Cpt. Santos, at all times mentioned herein acted as a Supervisor for the VCBC, and overseen, condoned, author ized, and/or aided the misconducts of the VCBC's CO's, and acted under the color of state law, therefore making them responsible for claims averred against them in this complaint

18. Defendant, Cpt. Norton, at all times mentioned herein acted as a Supervisor for the VCBC, and overseen, condoned, author ized and/or aided the misconducts of the VCBC's CO's, and acted under the color of state law, therefore making them responsible for any claims averred against them herein this complaint.

## IV. FACTS

1. On May 9th, 1999, plaintiff was visiting a friend in NYC.

2. While visiting this friend law enforcement official showed up and knocked on the door, in which, plaintiff's friend answered the door.

3. Upon answering the door the police rushed in (P/O Pizzaro and at least 3 other officers) and told everyone not to move.

4. The officers then proceeded to inform everyone that they were there because they received information that plaintiff and his friends could give them information relating to a crime that allegedly took place some days earlier.

5. While the officers were in the home they searched everyone and looked around, in which, they found a small amount of drugs on plaintiff's friend.

6. It is important to note that the plaintiff's friend took full responsibility for the drugs found on her and later in another area of the home.

7. It is also important to note that plaintiff's friend advised officer Pizarro and the other officers that the drugs were hers and no one else knew anything about them.

8. At that time the officers then told plaintiff and another individual that they had to come with them to the station for questioning and that they were not worried about the drugs.

9. The plaintiff and the other individual were then taken to the Queens Borough police precinct for questioning.

10. Then for a good portion of the day the plaintiff was quest-ioned about the alleged crime that had occurred days previous

11. During questioning the plaintiff insisted that he knew nothin of the crime as he was not even in the State of NY on the day in question. Pizarro then told plaintiff that, "if he did not help him, he was going to charge him with the drugs they had found on his friend.' Plaintiff told Pizarro that, "he could not do that", in which, Pizarro stated, "he will do what he wants if plaintiff does not help him."

12. Plaintiff was then taken to a detainment area with the fact that he did not know what was going to heppen, but didn't believe the officer would actually do what he said.

13. It ended up that plaintiff was detained for (72) hours, in which, at the end of that time he was taken in front of a judge where he was then charged with the alleged drugs as Pizarro promised.(Ex.1)

14. Plaintiff subsequently posted bail and was released, in which plaintiff immediately returned to New Jersey.

15. On May 14th, 1999, plaintiff was arrested for charges in NJ.

16. Plaintiff subsequently was convicted of the NJ charges and was sentenced to (20) years in prison.

17. While plaintiff was serving his NJ time, the State of NY, District Attorney's Office, lodged a detainer against plaintiff for the 1999 charges placed constructive custody over him.

18. On May 5th, 2015, after plaintiff filed an IAD Motion to be transferred back to NY to settle the 1999 charges via ATA did ADA George Farrugia issue a writ for plaintiff. (Exh. 2, 4 pages.)

19. Plaintiff was detained/incarcerated in the Vernon C. Bain (VCBC) after arriving back in NY's custody.

20. While incarcerated at VCBC plaintiff suffered and sustained personal injuries due to excessive force being used by CO's (Henery, Wallace, Lamar, Arias, and Cai).

21. On September 16th, 2015, at 6:40pm, the E.S.U. members con-ducted a search of 1B-B Unit where plaintiff was housed.

22. During this search another inmate had an argument with search members in which members of the search unit had released a chemical agent(MK9) spray on the inmate and on the block.

23. The chemical agent being used caused irritation to the plain-tiff's throat, eyes, and skin, and caused him to violently cough and raise his hands to his mouth. E.S.U. memebers (the CO defendants) then assaulted plaintiff for his coughing and and covering of his mouth.

24. It is important to <u>note</u> that the write up plaintiff later received (for assault) was dismissed for him being found not guilty. (Exh.3, dismissal of charges).

25. Plaintiff avers that CO's Henery and Cai deliberately and maliciously sprayed plaintiff multiple times with the sprayin agent when he was not at fault, was compliant, and cooperative the whole time. Plaintiff layed down immediately when told do so. (Exh.4, plaintiff's grievance).

26. It is important to <u>note</u> that plaintiff's grievance was never addressed or responded to denying his redress.

27. After being sprayed with the chemicals the CO defendants did not (as required by policy) take him to wash the agent off, but instead took him to an intake cell where they threw him into it and left him there for hours leaving the agent burn his skin, eyes, and throat.

28. CO defendants then came back in which they then placed plaintiff in mechanical restraints for no reason and cuffed him.

29. While being placed in the restraints, and due to being injured, did plaintiff have to be admitted or see medical for injuries sustained from the chemical agent and the officers att empting to break his wrist while restrained. (Exh.5, medical report documenting injuries, 5pgs.).

30. Plaintiff avers that while being placed in the restraints and being cuffed, did CO's Wallace, Henery, Lamar, Arias, and Cai try to break plaintiff wrist for no reason and acted maliciously.

31. It is important to <u>note</u> that plaintiff filed a Personal Injury Report in which, again, he received no response and was denied redress. (Exh.6, Personal Injury Claim, 5 pgs.)

32. Plaintiff avers that due to CO defendants actions -authorized by Cpt. Vismale- did plaintiff suffer damage to his eyes, throat, skin, and wrist.

33. Plaintiff had to be given a topical treatment cream for his skin due to the chemical agent being left on him so long and the amount of it used. Plaintiff also suffered a sprained wrist and was scheduled for x-rays and an MRI due to these injuries. See; Exh. 5

34. Plaintiff also avers that Cpt. Vismale was present and/or authorized the CO defendants actions/misconducts as she was in charge of the search of the unit.

35. Also, in front of Cpt. vismale, CO defendants stated, "that they didn't give him enough spray, and that they should beat his ass a little more."

36. Plaintiff avers that, Cpt. Vismale later manifested a false report to cover up her officers actions/misconducts, in which the report had misstatements or omissions. (Exh. 7, misconduct report with the lies).

37. Plaintiff avers that while incarcerated at VCBC, during and immediately after the search incident, did CO's defendants threaten plaintiff with further abuse if he filed a grievance or claim against them for their misconducts.

38. Plaintiff also avers that, on the day of the excessive force misconducts Co defendants made threatening comments of "we're gonna get you", "we're not done with you yet", "your gonna get fucked up if you file a complaint", "we're gonna fuck you up", "we should spray your ass again", "and maybe we should spray your ass some more or throw you in the RHU till you leave."

39. Furthermore, plaintiff avers that he was retaliated against for filing grievances/claims for the theft/destruction of his property by Cpt. Norton. (Exh.8, grievance/claim for property).

40. The threats for the property claim came from Cpt. Norton in the form of Norton not addressing plaintiff's release after his charges were dismissed, and Norton telling plaintiff that, he will personally see that the NY DOC will make plaintiff suffer, and so will he [Norton] personally."

41. Plaintiff avers that, he filed a Habeas Corpus in April of 2015, challenging the probable cause for the 1999 arrest, and due to the fact that the ADA [Farrugia], and the DA's Office knew the statute of limitations had expired on the charges, and that they failed to bring him to trial within the alloted time. Plaintiff focus in the Habeas was primarily for the lack of probable cause as mere presence at the scene is not probable cause for an arrest, and especially since plaintiffs friend directly had the drugs and took responsibility for them. (Exh. 9)

42. It is important to note that the DA nor the Court ever responded to his Habeas Motion or Letters. Again, they just called him to court one day, and then sent him back and mailed him the dismissal of the charges later.

43. Plaintiff avers that he was just brought to the courthouse one day and then sent back to the prison without hearing. Furthermore, plaintiff's public defender informed him that they were just gonna probably throw the charges out due to the fact they knew there was no probable cause for the arrest and she didn't even understand why they brought him back to NY. And that they were just trying to see if he would accept charges.

44. Plaintiff also told his public defender -besides the arrest incident- about the things that happened to him at the VCBC in which she told him he should get himself an attorney.

45. Plaintiff asserts that Cpt. Norton also retaliated by dumping coffee on the plaintiff's property (magazines), and then by confiscating plaintiff's food, hygiene, and stationary products for no reason other than to take the plaintiff's stuff.

46. Plaintiff also avers that Cpt. Norton told plaintiff that, "If he has an issue with him taking his stuff that they can handle it the street way", and "that would give him [Norton] a good reason for a paid vacation."

47. Plaintiff re-alleges and incorporates by reference all paragraphs and informations in this claim, and verifies that all recollections of conversations or statements are herein fact and to be to the best of the plaintiff's knowledge. Merged claims derive from similar misconducts, actions/inactions, or behaviors of those defendants.

## V. EXHAUSTION OF LEGAL REMEDIES

1. Plaintiff filed grievance for personal assault committed against him by the CO defendants and Cpt. Vismale, in which was never answered or responded to providing redress or relief to plaintiff. Grievance filed on Sept. 30th, 2015. (See; Exh. 4).

2. Plaintiff filed a Personal Injury Claim with the State in Oct. 2015, against CO defendants and Warden Saunders for the same misconducts, in which, the plaintiff -again- received no response allowing redress. Plaintiff was never given a claim #. (See; Exh.6).

3. Plaintiff also filed a grievance for his property damage claim in which no redress was provided. (See; Exh.10).

4. Plaintiff filed a Personal Injury Claim for his iilegal arrest (in 1999) in Dec. 2015, in which, the claim was rejected due to not being properly served. Plaintiff then properly re-served the documentation in which plaintiff -again- received no responce or redress. (See; Exh.11, 7 pgs.).

## VI. LEGAL CLAIMS

### Officer Pizarro and Unnamed Police Officers

#### FALSE ARREST/IMPRISONMENT:

By, Defendat(s), Pizarro and 3 Unnamed Police Officers, knowingly and with malicious intent arrest Plaintiff without probable cause or warrant for the drugs found on his friend, and arrest plaintiff for mere presence at the scene of an alleged crime falsely arrest and/or assisted in the detainment of plaintiff. Defendant(s) Pizarro and the Unnamed Officers went to a location for the purpose of questioning plaintiff and another for an alleged crime that occurred days earlier, in which, they found drugs in the possession of their other friend(owner of the home), and then, after being made aware and knowing that plaintiff had no knowledge or involvement with those drugs, arrested plaintiff and detained him in violation of his 4th Amendment rights under the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

### OFFICER PIZARRO

#### MALICIOUS PROSECUTION:

By, defendant, Pizarro, knowingly -after plaintiff would or could not assist in helping Pizarro with another crime- with malicious intent initiate a criminal prosecution against plaintiff for drugs that the officer knew he had nothing to do with, and for mere presence at the scene, all without probable cause or warrant, violating plaintiff's rights under the 14th Amendment to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

#### ABUSE OF PROCESS:

By, defendant, Pizarro, knowingly and intelligently initiating a criminal prosecution against plaintiff for no legitimate reasons or for purposes other than justice intended violated plaintiff's rights under the 14th Amendment to the U.S. Constitution. Defendant used the criminal prosecution against plaintiff for not being able to provide information for another crime. Defendant knew that plaintiff was merely present at the scene where the drugs were located and the defendant knew that, but instead of releasing plaintiff, defendant Pizarro threatened him with the criminal prosecution of the drugs if he did not cooperate in providing information about another crime. This causing deprivation of plaintiff's rights, and caused Pain, Suffering, and Emotional Distress.

#### RETALIATION:

By, defendant, Pizarro, knowingly and with malicious intentions use criminal charges and prosecution against defendant for being unwilling -or not being able to provide- information regarding another crime retaliate against plaintiff for the exercise of his rights, violating plaintiff's rights under the 1st, 4th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

CRUEL AND UNUSUAL PUNISHMENT:

By, defendant, Pizarro, knowingly and with malicious intent arrest plaintiff without probable cause for not providing information relating to another crime, did defendant act with deliberate indifference and maliciousness in denying plaintiff of his rights under the 4th Amendment (warrant clause) and 14th Amendments (substantive and due process) subjecting plaintiff to cruel and unusual punishment (detaining plaintiff and denying him of his freedom) causing Pain, Suffering, and Emotional Distress.

## ASSISTANT DISTRICT ATTORNEY GEORGE FARRUGIA

MALICIOUS PROSECUTION:

By, defendant, ADA Farrugia, knowingly and intelligently assisting and/or continuing the criminal prosecution of plaintiff -after he reviewed the file and knew the facts of the case 15 yrs. later- and knowing that there was no probable cause for plaintiff's arrest, and that the statute of limitations had expired on the charges, did defendant Farrugia violate plaintiff's rights under the 14th Amendment to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

ABUSE OF PROCESS:

By, defendant, Farrugia, knowingly and intelligently used and/or perverted the warrant/ATA process to continue the transfer and/or prosecution of plaintiff knowing there was no probable cause for plaintiff's arrest and that the statute of limitations had expired on the charges, did lodge a detainer/warrant against defendant and had plaintiff transferred to the VCBC in NYC for prosecution, did he misuse or pervert the criminal prosecution process. Furthermore, if plaintiff was never transferred he would have never been subjected to the harms caused to him by the VCBC and its employees/officials, and therefore, violated the plaintiff's rights under the 4th and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

CRUEL AND UNUSUAL PUNISHMENT:

By, defendant, Farrugia, knowingly and intelligently pursuing or carrying out the criminal prosecution and transfer (ATA) of plaintiff -after being aware of the lack of probable cause to arrest plaintiff and the statute of limitations expiring- subject plaintiff to cruel and usual punishment as plaintiff's charges should of been dismissed after Farrugia knew there was no probable cause and the statute expired and not continued to be datained for those charges and transferred where in incurred physical harm. Furthermore, by defendant's continuing the constructive custody of plaintiff and having him detained for 15 yrs. on charges that defendant knew should have been dismissed deprived plaintiff of his freedom and violated plaintiff's rights under the 8th and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

CO'S HENERY, WALLACE, LAMAR, ARIAS, AND CAI

## EXCESSIVE FORCE:

By, defendant(s), Henery, Wallace, Lamar, Arias, and Cai (hereinafter CO defendant(s)), knowingly and with malicious intents did spray plaintiff with a chemical agent, leave him detained with no medical treatment, and attempted to break his wrist, did use excessive force against plaintiff without cause, violating plaintiff's rights under the 4th, 8th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

## CRUEL AND UNUSUAL PUNISHMENT:

BY, CO defendant(s), knowingly and with malicious intents, spray plaintiff with a chemical agent, detain him without proper medical treatment, and attempt to willfully break plaintiff's wrist without just cause, subject plaintiff to cruel and unusual punishment, violating plaintiff's rights under the 4th, and 8th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

### CAPTAIN VISMALE

## SUPERVISOR LIABILITY:

By, defendant, Captain (Cpt.) Vismale, directly and with deliberate indifference, being present during the misconducts performed by CO defendant(s) (CO's Henery, Wallace, Lamar, Arias, and Cai), and authorize and/or condoning such misconducts committed supervisor liability violating the plaintiff's rights under the 4th, 8th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

## ABUSE OF PROCESS:

By, defendant, Cpt. Vismale, knowingly and with malicious intent, made misstatements and/or omissions in an official record (disciplinary writ-up) in order to have plaintiff charged and detained in a Restrictive Housing Unit (RHU), did she pervert, blackmail, or cause deprivation of plaintiff's rights for reasons for other than justice intended, violating plaintiff's rights under the 8th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

### CAPTAIN SANTOS

## SUPERVISOR LIABILITY:

By, Defendant Cpt. Santos, knowingly and/or condoning Cpt. Vismale's misstatements or omissions within her report in order to allow plaintiff to be detained in RHU and to be punished for wrongs he did not commit, and all being to cover up their subordinate's misconducts, did commit supervisor liability, violating plaintiff's rights under the 8th, and 14th Amendments of the U.S. Constitution causing pain, Suffering, and Emotional Distress.

CAPTAIN NORTON

TRESPASS:

By, Defendant, Cpt. Norton, seizing, confiscating and/or destroying plaintiff's personal property without warrant or just cause, did defendant Norton commit trespass upon the plaintiff's property violating his rights under the 4th Amendment to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

SUPERVISOR LIABILITY:

By, Defendant, Cpt. Norton, being a Supervisor for the VCBC commit a knowing and malicious trespass upon the plaintiff's property, and by Cpt. Norton using his position or authority to threaten the plaintiff for attempting to redress his grievances commit supervisor liability, violating plaintiff's rights under the 4th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

WARDEN SAUNDERS

SUPERVISOR LIABILITY:

By, Defendant, Warden Saunders, being in charge and running the VCBC, and knwoingly being aware of the misconducts that are arising within his facility and within in his knowledge, did Saunders commit supervisor liability, violating plaintiff's rights under the 1st, 4th, 8th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

NEW YORK?NEW YORK CITY POLICE DEPARTMENT

MUNICIPAL LIABILITY CLAIM:

By, Defendant, New York City (NYC) and it Police Dept. (NYPD), conduct and/or carryout customs of arresting plaintiff without probable cause allowing the deprivation of plaintiff's rights while within its custody, violating plaintiff's rights. Defendant NYC and NYPD knowingly and malicious intent arrested plaintiff for charges they knew were erroneous. The NYPD brought plaintiff into it's custody to conduct an interview surrounding another crime, and after plaintiff could not or would not provide information, did the NYPD charge plaintiff with a crime they knew he had not committed, all without probable cause. The NYPD knew of exculpatory evidence proving plaintiff's innocense and failed act upon that evidence, and instead, advertently and maliciously ignored or fabricated evidence in order to charge and detain plaintiff anyway, violating plaintiff's rights under the 1st, 4th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

VERNON C. BAIN CENTER (VCBC)

MUNICIPAL LIABILITY CLAIM:

By, Defendant, VCBC, having custody of plaintiff, and knowingly and with deliberate indifference, allowed its supervisors and employees -through in house customs- to

maliciously spray, beat, and restrain, and retaliate against plaintiff for exercise of certain rights did it violate plaintiff's rights. The VCBC knowingly allowed its officials to spray plaintiff with a chemical agent without cause, manifest false reports, threaten, harass, steal/destroy property, and attempt to break plaintiff's wrist, and place plaintiff in RHU. The VCBC is responsible for the care, custody, and control of plaintiff while plaintiff was incarcerated in the VCBC and allowed -all levels- of officials to knowingly and maliciously cause deprivations of plaintiff's rights under the 1st, 4th, 8th, and 14th Amendments to the U.S. Constitution causing Pain, Suffering, and Emotional Distress.

## VII. PRAYER FOR RELIEF

1. Granting plaintiff compensatory damages for any and all property damages, and for Pain, Suffering, and Emotional Ditress against all defendants jointly and severally.

2. Plaintiff also seeks compensatory damages for all personal injury claims in the amount of 1.5 million dollars against all defendants jointly and severally for Pain, Suffering, and Emotional Ditress.

3. Plaintiff also seeks punitive damages in the amount of 1.5 million dollars against all defendants jointly and severally for Pain, Suffering, and Emotional Distress.

4. Plaintiff also seeks a jury trial on all issues triable by jury.

5. Plaintiff also seeks recovery of his cost in this suit, attorney fees, and

6. any additional relief this Court deems just, proper, and equitable.

Date: 9-11-18                           Respectfully Submitted,

                                        *Shawn July*
                                        Shawn July
                                        NEW JERSEY STATE PRISON
                                        3rd & FEDERAL STREET
                                        TRENTON, N.J. 08625


## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true and correct, except as to any matters asserted on information and belief, and as to those, I believe them to be true. I certify under the Penaly of Perjury §4904 that the foregoing is true and correct to the best of my personal knowledge.

Executed in TRENTON, NEW JERSEY   on Date _____ 11th day Sep, 2018
2018.

                                        *Shawn July*
                                        Shawn July

PROOF OF SERVICE

RECEIVED
SDNY DOCKET UNIT

2018 SEP 14  PM 4: 28

I, Shawn July, do hereby cerify/verify that i have served a
true and correct copy of the foregoing with The Clerk of Courts,
United States Distrcit Court, Southern District of New York, in
the State of New York.

Date: September 11, 2018

Shawn July

Shawn July  plaintiff

Exhibit 1

140/161

LODGED

JTAG

BENCH WARRANT

26.7015C

CRIMINAL COURT OF THE CITY OF NEW YORK

3N

PART: N          COUNTY: QUEENS

NAME OF DEFENDANT: LANCASTER,WARREN

DOCKET #: 99Q022661

OFFENSE CHARGED: CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE  220.16

DATE OF ISSUANCE OF THIS WARRANT: 10/29/1999  RETURN PART: N

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK: TO ANY POLICE OFFICER WHOSE GEOGRAPHICAL AREA OF EMPLOYMENT EMBRACES EITHER THE PLACE WHERE THE OFFENSE CHARGED WAS ALLEGEDLY COMMITTED OR THE LOCALITY OF THE COURT BY WHICH THIS WARRANT IS ISSUED.

A CRIMINAL ACTION HAVING BEEN PREVIOUSLY COMMENCED AGAINST THE ABOVE-NAMED DEFENDANT AND NOT HAVING BEEN TERMINATED BY A FINAL DISPOSITION, AND THE COURT REQUIRING THE PERSONAL APPEARANCE OF THE DEFENDANT IN THE PENDING CRIMINAL ACTION FOR A PURPOSE OTHER THAN INITIAL ARRAIGNMENT IN THE ACTION, HAVING ORDERED THE ISSUANCE OF A BENCH WARRANT

NOW THEREFORE, YOU ARE DIRECTED TO TAKE INTO CUSTODY THE ABOVE-NAMED DEFENDANT WHO IS PARTICULARLY DESCRIBED BELOW AND FOLLOWING THE ARREST YOU MUST WITHOUT UNNECESSARY DELAY BRING THE DEFENDANT BEFORE THIS COURT.  THE DELEGATION OF THIS WARRANT IS AUTHORIZED AS PRESCRIBED IN CPL 530.70(3) (4) (5).

BY ORDER OF THE COURT

WILLIAM H. ETHERIDGE
CHIEF CLERK
CRIMINAL COURT
CITY OF NEW YORK

- - - - - - - - - - - - - - - - DESCRIPTION OF DEFENDANT - - - - - - - - - - - - - -

DEFEND ADD: 161-47  132 ST  QUEENS, NY

DOB: 10/30/1977  AGE: 21    SEX: MALE    RACE: BLACK    SS#: 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

HEIGHT: 5 FT 08 IN WEIGHT: 135    EYE COLOR: BROWN    HR CLR: BLACK

DEF. EMPLOYER & ADDRESS: _____

OPR: LIC #: _____ AKA: _____

ARREST INFORMATION

ARREST ID: Q99023828    ARREST DATE:  05/09/1999    ARREST PCT. _____

A/O NAME: PIZARRO                    SHIELD #: 04918

TAX REG #: _____ DEPT/AGENCY:  NYPD    COMMAND: 101

NYSID #: 9216839M

Exhibit 2 , Six Pgs.

# FORM II

## INTERSTATE AGREEMENT ON DETAINERS

> Six copies, if only one jurisdiction within the state involved has an indictment, information or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One copy should be retained by the inmate. One signed copy should be retained by the institution. Signed copies must be sent to the Agreement Administrators of the sending and receiving states, the prosecuting official of the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter. The copies for the prosecuting official and the court must be transmitted by certified or registered mail, return receipt requested.

## INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS

TO: (1) <u>Richard A. Brown, District Attorney</u>    Prosecuting Officer    <u>Queens County, State of New York</u>
(Jurisdiction)

(2)  Clerk of <u>Audrey I. Pheffer, Queens Co. Supreme</u>   Court    <u>Queens County, State of New York</u>
(Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below in which indictments, informations or complaints are pending.

You are hereby notified that the undersigned, <u>July, Shawn aka Lancaster, Warren #: 2657015C/140161</u> , is now
(Inmate's Name and Number)

imprisoned in <u>New Jersey State Prison</u>                    at <u>Trenton, New Jersey 08625</u>
(Institution)                                          (City and State)

I hereby request that final disposition be made of the following indictments, informations or complaints now pending against me: <u>Criminal Possession of Controlled Substance 220.6. Docket #: 99Q022661. Issuance of Warrant: 10/29/1999</u>

       Failure to take action in accordance with the Interstate Agreement on Detainers (IAD), to which your state is committed by law, will result in the invalidation of the indictments, informations or complaints.

       I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition to your state for any proceeding contemplated hereby, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the IAD and a further consent to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court, or officer, please designate the proper agency, court, or officer and return this form to sender.

The required Certificate of Inmate Status (Form III) and Offer of Temporary Custody (Form IV) are attached.

July, Shawn aka Lancaster, Warren 140161
**Inmate's Printed Name and Number**

*Shawn July*
**Inmate's Signature**

*Nov. 14, 2014*
**Date**

Marshall Fletcher, Classification Officer 3
**Witness' Printed Name and Title**

**Witness' Signature**

*14 Oct 14*
**Date**

# FORM III

## INTERSTATE AGREEMENT ON DETAINERS

In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form II.  In the case of a request initiated by a prosecutor under Article IV, a copy of this Form should be sent to the prosecutor upon receipt by the warden of Form V. Copies of this Form should be sent to all other prosecutors in the same state who have lodged detainers against the inmate.  A copy may be given to the inmate.

## CERTIFICATE OF INMATE STATUS

July, Shawn aka Lancaster, Warren

(Inmate)

SBI: 267015C/INM: 140161

(Number)

New Jersey State Prison

(Institution)

Second & Cass Street, Trenton, New Jersey 08625

(Location)

Marshall Fletcher, Classification Officer 3 (Records)  hereby certifies:

(Custodial authority)

1. The inmate's commitment offense(s): Manslaughter (Aggravated-first degree)

2. The term of commitment under which the inmate is being held: ~~22~~ 20 Years 6 Months 13 Days Max- WITH 17 Years   MANDATORY MINIMUM

3. The time already served: APPROXIMATELY 5,688  DAYS

4. Time remaining to be served on the sentence: APPROX.  ~~4~~ 18 Month YRS, 1 M, 25 DAYS (1,516 Days)

5. The amount of good time earned: 2670 DAYS GOOD /71 JAIL CREDITS/354.6 DAYS WORK CREDITS

6. The date of parole eligibility of the inmate: ~~01/06/2019~~   07/29-2016

7. The decisions of the state parole agency relating to the inmate: (If additional space is needed, use reverse side.) N/A

8. Maximum expiration date under present sentence: 01/06/2019

9. Security level/special security requirements: CLOSE CUSTODY/█████████████ MAX

Rev. 3/03
Form III

-1-

10. Detainers currently on file against this inmate from your state: Criminal Possession of a Controlled Substance 220.16. Docket #: 99Q022661. Warrant Issued date: 10/29/1999

Stephen D'Ilio, Administrator (see) _____ Dated: 11/14/14
                        Warden              CAMPIS

## CUSTODIAL AUTHORITY

Name/Title: Stephen D'Ilio, Administrator

Institution: New Jersey State Prison

Address: Second & Cass Street (PO BOX 861)

City/State: Trenton, New Jersey 08625

Telephone: (609) 209-9700  EXT. 4601

Rev. 3/03
Form III

# FORM IV

## INTERSTATE AGREEMENT ON DETAINERS

Inmate's request: Copies of this Form should be attached to all copies of Form II. Prosecutor's request: This Form should be completed after the warden has approved the request for temporary custody, expiration of the 30 day period, and successful completion of a pretransfer hearing. Copies of this Form should then be sent to all officials who receive(d) copies of Form III. One copy also should be given to the inmate and one copy should be retained by the institution. Copies mailed to the prosecutor should be sent certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:    Richard A. Brown, District Attorney    Prosecuting Officer

Queens County, State of New York
(Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.

RE:    July, Shawn aka Lancaster, Warren    No. 140161/SBI: 267015C
(Inmate)

Pursuant to Article V of the Interstate Agreement on Detainers (IAD), the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is:

☒ described in the attached inmate's request (Form II)
☐ described in your request for custody (Form V) of _____
(Date)

The required Certificate of Inmate Status (Form III)
☒ is enclosed
☐ was sent to you with our letter of _____
(Date)

Indictments, informations or complaints charging the following offenses are **also** pending against the inmate in your state and you are hereby authorized to transfer the inmate to the custody of appropriate authorities in these jurisdictions for purposes of disposing of these indictments, informations or complaints.

**Offense:**                                                    **County or Other Jurisdiction:**

_____                    _____

_____                    _____

_____                    _____

**If you do not intend to bring the inmate to trial, please inform us as soon as possible.**

Stephen D'Ilio, Administrator (OBO)  _AIC_          Date: __11/14/14__
           Warden                        CAMPOS

**CUSTODIAL AUTHORITY**

Name/Title:  Stephen D'Ilio, Administrator

Institution:  New Jersey State Prison

Address:  Second & Cass Street (PO Box 861)

City/State:  Trenton, New Jersey 08625

Telephone:  (609) 292-9700. Ext. 4601

Exhibit 4, Two Pgs.

# NEW YORK CITY DEPARTMENT OF CORRECTION

## INTRADEPARTMENTAL MEMORANDUM

**Date:**        September 30, 2015

**To:**          Warden Saunders - VCBC

**From:**        Emile Beaulieu -Inmate Grievance Supervisor-VCBC

**Subject:**     **INMATE REPORT OF AN ALLEGED ASSAULT/HARASSMENT OR SEXUAL/PHYSICAL ASSAULT**

This memorandum is to inform you that the following inmate contacted the Inmate Grievance and Request Program (IGRP) office on ___09/30/15___ and informed members of the IGRP that s/he was (Check all that apply)

☐ INMATE ON INMATE          ☑ STAFF ON INMATE

☑ ASSAULT        ☑ PHYSICAL ASSAULT
☐ HARASSED       ☐ SEXUAL ASSAULT

Inmate Last Name:___Lancaster___        Inmate First Name:_____Warren_____

NYSID #:___09216839M___        Book and Case #:___B&C# 441-15-03627___

This information is being forwarded to you because these allegations are not within the jurisdiction of the IGRP pursuant to Directive 3376, Section IV.B.2.b.).  Please see enclosures.

You may contact the inmate for additional details of the allegation.

_____
Emile Beaulieu, Grievance Supervisor

c: IGRP files

Form 7316R
Eff.: 09/10/12
Ref.: Dir. #3376



Form: #7101R, Eff.: 09/10/12, Ref.: Dir. #3376 – page 1

## City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: WARREN Lancaster | Book & Case #: 4411503627 | NYSID # (optional): |
|---|---|---|

| Facility: V.C.B.C. | Housing Area: IAB | Date of Incident: SEP 16, 2015 | Date Submitted: SEP 30, 2015 |
|---|---|---|---|

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is ongoing. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

Request or Grievance:

ON SEP. 16, 2015 I WAS SPRAYED WITH MK9 IN MY FACE TWICE AND I WAS NOT ~~ ~~ DECONTAMINATED ~~ ~~ AFTER THE INCIDENT. AND WHILE I WAS USECURED AND HAND CUFF THE CUFFS WERE put ON too tight ~~at~~ my WRISK WAS TWISTED IN AN aite to BREAK my WRISK. HOWEVER, My WRISK WAS SPRAIN AND DID RECEIVE MEDICAL TREATMENT to SuPPORT SUCH.

Action Requested by Inmate

THE OFFICER BE WRITTEN UP FOR NOT FOLLOWING STANDARD OPERATING PROCEEDINGS

### Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ | ☐ |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ | ☐ |
| Have you filed this grievance or request with a court or other agency? | ☐ | ☐ |
| Did you require the assistance of an interpreter? | ☐ | ☐ |

Inmate's Signature: *Warren Lancaster*          Date of Signature: SeP. 30, 2015

### For DOC Office Use Only

IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: 2015 SEP 30 | Grievance and Request Reference #: / Category: NON Grievable / Complaint |
|---|---|
| | Inmate Grievance and Request Program Staff's Signature: *Beachem* |

Exhibit 5 , Four Pgs.

 **NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**

n y c . g o v / h h c
**Correctional Health Services**

Insurance: Self Pay

# LANCASTER, WARREN

NYSID: 09216839M  BookCase: 4411503627
Facility Code: VCBC  Housing Area: 1A/B/
37 Y old  Male, DOB: 10/30/1977
40 N 18TH STREET, E.ORANGE, NY

Appointment Facility: Vernon C. Bain Center

Appointment Provider: Zachary Rosner, MD

09/16/2015

## Current Medications
Chlor-Trimeton 4 mg Tablet 1 tab Twice a Day, stop date 09/19/2015
Sarna 0.5-0.5 % Lotion 1 application to affected area as needed Three times a day, stop date 09/17/2015

## Past Medical History
Chickenpox

## Allergies
N.K.D.A.

**Reason for Appointment**
1. Pt. involved in "use of force" with DOC staff
**History of Present Illness**
TEMPLATES:

    Rikers Injury Report
    37M with no major medical history per records presents for injury report.
    Left wrist injury. Cuffs placed and wrist bent inward. Reports mild pain and swelling over left wrist. Good range of motion and strength without extreme tenderness.
Injury Report:
    General
        Injury Report #:  272/fy16
        Event Location: Housing Area /
        Intentionality: Intentional /
        Cause: DOC use of force/ alleged attack by staff /
        Verified Injury: Physical evidence of injury /
        Did the patient have a blow to the head? No /
        Did the patient ever lose consciousness? No /
        Was the patient ever dazed and confused after injury? No /

**Vital Signs**

| BP | | |
|---|---|---|
| 123/71 | 09/16/2015 09:08:21 AM | Hugh Paul |
| **Pulse** | | |
| 79 | 09/16/2015 09:08:21 AM | Hugh Paul |
| **RR** | | |
| 16 | 09/16/2015 09:08:21 AM | Hugh Paul |
| **Temp** | | |
| 98.3 | 09/16/2015 09:08:21 AM | Hugh Paul |
| **SaO2** | | |
| 99 | 09/16/2015 09:08:21 AM | Hugh Paul |

**Examination**

General Examination:

GENERAL APPEARANCE: Alert, oriented, no acute distress.
HEENT: perrl, eomi, slight bilateral injected eyes.
HEART: regular rate, no m/r/g.
LUNGS: ctab, no crackles or wheezes.
SKIN:

mild bruise over left wrist


MUSCULOSKELETAL: no bony tenderness, good flexion and
extension of left thumb and other fingers of left hand. normal wrist
range of motion and strength. no deformity. .
NEUROLOGIC EXAM: normal gait, normal speech.

## Assessments
1. Sprain of wrist NOS - 842.00 (Primary)

## Treatment
**1. Sprain of wrist NOS**
Start Ibuprofen Tablet, 400 MG, 1 tab, Orally, Every 8 Hours, 3 days,
Pharmacy
No signs of fracture.
Normal strength and range of motion
Mild swelling
Given ace bandage
Ibuprofen
Re-check in 2 days, if not improving consider wrist x-ray.


Disposition: General Population
Notes: f/u Friday


**Appointment Provider: Zachary Rosner, MD**




Electronically signed by Zachary Rosner , MD on 09/16/2015
at 10:01 AM EDT

Sign off status: Completed

Patient: LANCASTER, WARREN   DOB: 10/30/1977   Progress Note: Zachary Rosner, MD   09/16/2015
Note generated by eClinicalWorks EMR/PM Software (www.eclinicalworks.com)

http://chericbmdib.ricnf.com/mobiledoc/jsp/catalog/xml/printMultipleChartOptions.jsp?e...    10/14/2015

Vernon C. Bain Center
Barge 1 Halleck Street
Bronx, NY 10474
Tel: 718-579-8315
Fax:

Patient: LANCASTER, WARREN   DOB: 10/30/1977   Progress Note: Zachary Rosner, MD   09/16/2015

*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*




**CORRECTION DEPARTMENT**
**CITY OF NEW YORK**

**INJURY TO INMATE REPORT**

| Page 1 of 2 Pages | Form: #167R-A Rev.: 01/31/08 Ref.: Dir. #4516R-A |
|---|---|

INSTRUCTIONS: Original Report to Security, One copy to Clinic Lock Box, One Copy to Inmate Medical File.

| Command: ✓CBC | Date: 09-16-15 | COD/JOF #: | Injury #: 2721f416 |
|---|---|---|---|

TO BE COMPLETED BY EMPLOYEE (PLEASE PRINT CLEARLY).

Inmate Name (Last Name, First Name): LANCASTER, WARREN

| Location: HMB | Work: | NYSID #: 09216839 M | Book & Case/Sent #: 441-15-03627 |
|---|---|---|---|

Details:
ON 09-16-15 AT APPROX. 0640 HRS IN HOUSING UNIT (AB INMATE LANCASTER, WARREN #441-15-03627 WAS INVOLVED IN A USE OF FORCE WITH NYCDOC STAFF. CHEMICAL AGENTS WAS UTILIZED.

| Supervisor Notified (Print Last Name, First Name, Rank, Shield #): ADN RANDALL | Date: 09-16-15 | Time: 0640 Hrs. |
|---|---|---|

| Employee: I ☐ (Did) ☒ (Did Not) Witness This Injury. | Employee Signature: | Rank/Title: CAPTAIN | Shield/AD#: 188 |
|---|---|---|---|

**TO BE COMPLETED BY MEDICAL STAFF ONLY • (PLEASE PRINT CLEARLY)**

| Date of Injury: 9/16/15 | Reported for Medical Attention: Date 9/16/15 09:00 Hrs. | Inmate Refused Medical Attention: ☐ Yes ☒ No | Visible Injuries: ☒ Yes ☐ No |
|---|---|---|---|

Nature of Injury and Cause:
Reports wrist was bent when handcuffs on.
① Mild swelling of left wrist good ROM, no point tndns
Fractn unlikely

Medical Staff Must Note Location of Injury:

Treatment: ACE wrap
Re-evaluation in two days to confirm improvement in swelling

| Treated By/Examined By (Print and Sign Full Name ): Z Rosier MD | Title: MD |
|---|---|

| Referrals to Other Medical Services (If Yes, Document Medical Findings): | ☐ Yes ☒ No |
|---|---|

| Treated By/Examined By (Print and Sign Full Name ): Z Rosier MD | Title: MD |
|---|---|

| Please Check Disposition: | ☒ Return to Housing Area | ☐ Work Release ___ Days | ☐ Light Duty ___ Days | ☐ Return to Work Assignment | ☒ Re-Exam 2 Days | ☐ Refer to Clinic | ☐ Return to School |
|---|---|---|---|---|---|---|---|

| ☐ Transfer to Hospital (Indicate Name of Hospital): | ☐ Life Threatening Emergency | ☐ Routine |
|---|---|---|

☐ Other (Please Specify):

| Treated By (Print Full Name and Title, Sign Name): Zachary Rosier, MD | Date: 9/16/15 | Time: 10⁰⁰ Hrs. |
|---|---|---|

I certify that the cause of injury as stated herein is to my knowledge true and medical attention was provided:

| Inmate Signature: Warren Lancaster | S&C / Sentence #: | | Date: |
|---|---|---|---|
| Witnessed By (Signature): | | Rank/Title: C | Shield /I.D. #: 626? | Date: 9/16/15 |

(14)

Exhibit 6 , Five Pgs.



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:   NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence*, you must start legal action to preserve your rights.
TYPE OR PRINT

**I am filing:**   ⦿ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | LANCASTER #4411503627 |
| First Name: | WARREN |
| Relationship to the claimant: | 1  HALLECK ST. |

○ Attorney is filing.

**Attorney Information (if claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

**Claimant Information**

| | |
|---|---|
| *Last Name: | LANCASTER# 4411503627 |
| *First Name: | WARREN |
| Address: | VERNON C. BAIN  CENTER |
| Address 2: | 1  HALLECK ST. |
| City: | BRONX,NEW YORK 10474 |
| State: | NEW YORK 10474 |
| Zip Code: | |
| Country: | |
| Date of Birth: | 10-30-77   Format: MM/DD/YYYY |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | |
| Email Address: | |
| Occupation: | |

City Employee?   ○ Yes   ⦿ No   ○ NA

Gender   ⦿ Male   ○ Female   ○ Other

* Denotes required field(s)

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident: 09-16-15    Format: MM/DD/YYYY

Time of Incident: 6:40 a.m    Format: HH:MM AM/PM

*Location of Incident:

VERNON C. BAIN CENTER
1 HALLECK STREET
BRONX, NY. 10474
    (1AB)

Address:
Address 2:
City:
State:
Borough:

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed:

ON SEPTEMBER 16,2015  AT AROUND 6:40 IN HOUSING AREA
1AB, AT (V.C.B.C.) I SUFFER PERSONAL INJURIES AT THE HANDS
OF CORRECTIONAL OFFICER(S) MAINLY,C/O CAI #18404 (OR) 9, WHO
SPRAYED CHEMICAL AGENT (MK9) IN MY FACE AND EYES.

A SECOND OFFICER WHO IS DOCUMENTED AS C/O ALASAN HENERY
#17625,SPRAYED ME AGAIN WITH THE CHEMICAL AGENT (MK9) WHILE
I WAS ALREADY DOWN FROM THE  FIRST DISPERSE OF  CHEMICAL AGENT.
AFTER BEING SPRAYED TWICE WITH THE CHEMICAL AGENT (MK9) THE
D.O.C. OFFICALS FAIL TO DECONTAMINATE ME OF THE CHEMICAL AGENT
AND THROW ME IN A CELL (INTAKE) LEAVING ME FOR HOURS.AS THE
CHEMICAL AGENT BURN MY SKIN LOCATED IN MY FACIAL AREA,EYES
AND NECK.I WAS FORCE TO USE THE DIRTY WATER OUT THE TOILET
TO EAZE THE BURNING.
 I WAS PLACED IN MECHANICAL RESTRAIN. THEREAFTER, C/O ALASAN
HENERY#17625 THEN GRABBED MY WRISK WHILE I WAS HAND CUFF AND
ATTEMPTED TO BREAK MY WRISK WHICH RESULTED IN PHYSICAL INJURIES
 NERVE DAMAGE,AND THE SPRAINING OF MY LEFT WRISK.AS I HAVE
RECEIVED MEDICAL TREATMENT PER THE INFLECTION OF MY INJURY
BY THE CORRECTIONAL OFFICERS.
THE FOLLOWING OFFICERS WERE ALSO INVOLVE IN THIS INCIDENT ARE
CAPT. VISMALE#174,CAPT. SANTOS#179,C/o WALLACE#18025, ARIAS
#5856, C/O LAMAR#18472

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed:

FOR THE "EMOTIONAL DISTRESS" AND "PAIN AND SUFFERING" I  ENDURE.
BY BEING ASSAULTED WITH THE OFFICERS SPRAYING ME IN MY FACE
WITH THE CHEMICAL AGENT (MK9),AND ALSO PHYSICALLY ASSAULTING ME
BY TWISTING MY WRISK IN AN ATTEMPT TO BREAK IT.
  I CLAIM DAMAGE FOR MY INJURIES IN THE AMOUNT OF $50,000.00
FIFTY THOUSAND DOLLARS.

 **New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Medical Information**

| | |
|---|---|
| 1st Treatment Date: | SEPTEMBER 16,2015 *Format: MM/DD/YYYY* |
| Hospital/Name: | V.C.B.C.MEDICAL DEPARTMENT |
| Address: | 1HALLECK ST. |
| Address 2: | |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |
| Date Treated in Emergency Room: | SEP. 16,2015 *Format: MM/DD/YYYY* |

Was claimant taken to hospital by an ambulance?    ○Yes  ○No  ●NA

**Employment Information (If claiming lost wages).**

| | |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information.**

| | |
|---|---|
| Last Name: | ROSNER |
| First Name: | ZACHARY |
| Address: | (SAME AS LOCATION OF INCIDENT) |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Witness 1 Information**

| | |
|---|---|
| Last Name: | AVILES, 2411906646 |
| First Name: | JOSE |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLACK ST. |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 2 Information**

| | |
|---|---|
| Last Name: | WALLS, 2411989784 |
| First Name: | RANDY |
| Address | (SAME AS WITNESS #1) |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 3 Information**

| | |
|---|---|
| Last Name: | JACOB, 2411902384 |
| First Name: | LUGO |
| Address | (SAME AS WITNESS #1) |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 4 Information**

| | |
|---|---|
| Last Name: | CABAZAS, 11313900ScoT |
| First Name: | DUSTIN |
| Address | (SAME AS WITNESS#1) |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 5 Information**

| | |
|---|---|
| Last Name: | KHAN, 4411907227 |
| First Name: | SHEHERYAR |
| Address | (SAME AS WITNESS3#10 |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 6 Information**

| | |
|---|---|
| Last Name: | BIGAUD, 2411203601 |
| First Name: | WILLIAMS |
| Address | (SAME AS WITNESS#1)) |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

* Denotes required field(s).



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

### Complete if claim involves a NYC vehicle

**Owner of vehicle claimant was traveling in**

Last Name:

First Name:

Address

Address 2:

City:

State:

Zip Code:

**Non-City vehicle driver**

Last Name:

First Name:

Address

Address 2:

City:

State:

Zip Code:

**Insurance Information**

Insurance Company Name:

Address

Address 2:

City:

State:

Zip Code:

Policy #:

Phone #:

**Non-City vehicle information**

Make, Model, Year of Vehicle:

Plate #:

VIN #:

**City vehicle information**

Plate #:

City Driver Last Name:

City Driver First Name:

**Description of claimant:**

◯ Driver    ◯ Passenger

◯ Pedestrian    ◯ Bicyclist

◯ Motorcyclist    ◯ Other

**\*Total Amount Claimed:**  50,000.00    Format: Do not include "$" or ",".

October 14, 2015
Date

*Warren Lancaster*
Signature of Claimant

State of New York
County of Bronx

I, WARREN LANCASTER , being duly sworn depose and say that I have read the foregoing NOTICE OF CLAIM and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated to be alleged upon information and belief, and as to those matters. I believe them to be true.

Sworn before me this day 14 day of October, 2015

Jose L Pimentel
Notary Public State of NY
No 03-4837175
Qualified in Bronx County

Signature of Claimant *Warren Lancaster*

Signature of notary

\* Denotes required field(s)

Exhibit 8 , Three Pgs.

# NEW YORK CITY DEPARTMENT OF CORRECTION

## INTRADEPARTMENTAL MEMORANDUM

**Date:**       September 11, 2015

**To:**        Warden Saunders - VCBC

**From:**      Emile Beaulieu -Inmate Grievance Supervisor-VCBC

**Subject:**    INMATE REPORT OF AN ALLEGED ASSAULT/HARASSMENT OR
            SEXUAL/PHYSICAL ASSAULT

This memorandum is to inform you that the following inmate contacted the Inmate Grievance and Request Program (IGRP) office on ___09/11/15___ and informed members of the IGRP that s/he was (Check all that apply)

☐ **INMATE ON INMATE**        ☑ **STAFF ON INMATE**

☐ **ASSAULT**    ☐ **PHYSICAL ASSAULT**
☑ **HARASSED**    ☐ **SEXUAL ASSAULT**

Inmate Last Name:___Lancaster____    Inmate First Name:_____Warren_____

NYSID #:____09216839M_____    Book and Case #:____B&C# 441-15-03627_____

This information is being forwarded to you because these allegations are not within the jurisdiction of the IGRP pursuant to Directive 3376, Section IV.B.2.b.). Please see enclosures.

You may contact the inmate for additional details of the allegation.

_____
                Emile Beaulieu, Grievance Supervisor

c: IGRP files

Form 7316R
Eff.: 09/10/12
Ref.: Dir. #3376

Attachment B

Form: # 7101R, Eff.: 09/10/12, Ref.: Dir. #3376 - page 1



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| WARREN LANCASTER | 441 1503677 | | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| V.C.B.C. ONE HALLECK, St. BRONX NY | IBA | AUG 31, 2015 | SEP 2, 2015 |

**Request or Grievance:** ON AUGUST 31, 2015 DURING A HOUSING AREA SEARCH

CAPTAIN NORTON DAMAGE MY PERSONAL PROPERTY BY THROWING

A OPEN PACK OF COFFEE ON MY MAGAZINE PUBLICATIONS

NORTON NOT ONLY DAMAGE MY PROPERTY BUT HE ALSO

INSTIGATED "IF I HAVE A ISSUE WITH WHAT HE DID

HANDLE IT THE STREET WAY" AND HE WANT ME TO GIVE HIM

A EARILY VACATION BY ME HANDLING IT THE STREET WAY.

**Action Requested by Inmate:** I WANT TO BE REIMBURSE FOR THE DAMAGE TO MY PERSONAL

PROPERTY. I WANT CAPT. NORTON INVESTIGATED

AND WRITTEN UP FOR Violating D.O.C. RULES.

### Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☑ Yes | ☐ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ Yes | ☑ No |
| Have you filed this grievance or request with a court or other agency? | ☑ Yes | ☐ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☐ No |

Inmate's Signature: _Warren Lancaster_    Date of Signature: 9-2-15

IGRP RETAINS THE DOUBLE-SIDED ORIGINAL AND PROVIDES INMATE WITH COPY.
IGRP MUST PROVIDE A COPY OF THE SIGNED FORM TO THE INMATE WITHIN 24 HOURS.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| 2015 SEP | Non-Grievable | Harassment |
| | Inmate Grievance and Request Program Staff's Signature: | |
| | Beah | |

Attachment B

Form: # 7101R, Eff.: 09/10/12, Ref.: Dir. #3376 - page 1



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: WARREN LANCASTER | Book & Case #: 4411503627 | NYSID # (optional): | |
|---|---|---|---|
| Facility: V.C.B.C. ONE HALLECK, ST. BRONX, N.Y. | Housing Area: 1BA | Date of Incident: MON, AUG. 31, 2015 | Date Submitted: SEP. 2, 2015 |

Request or Grievance:

ON AUGUST 31, 2015 DURING AN HOUSING AREA (1BA) SEARCH MY PERSONAL PROPERTY WAS "ILLEGALLY" TOKEN BY CORRECTIONAL OFFICER, CAPTAIN NORTON. NORTON "ILLEGALLY" TOOK A BUCKET OF MY COMMISSARY FOOD. NORTON NOT ONLY UNLAWFULLY TOOK MY PERSONAL PROPERTY BUT ALSO INSTIGATED IF I WANT MY STUFF BACK I GOTTA GET IT THE STREET WAY" AND THAT HE WANT ME TO GIVE HIM A EARILY VACATION BY HANDLING IT THE STREET WAY

Action Requested by Inmate

ALL MY COMMISSARY ITEM BE RETURNED OR REIMBURSE, AS CORRECTIONAL OFFICER NORTON HAD NO LEGAL RIGHT TO TAKE MY PERSONAL PROPERTY. I WANT CAPT. NORTON INVESTIGATED AND WRITTEN UP FOR VIOLATING DOC RULES AND MY PROPERTY.

#### Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☑ Yes | ☐ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ Yes | ☑ No |
| Have you filed this grievance or request with a court or other agency? | ☑ Yes | ☐ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☐ No |

Inmate's Signature: Warren Lancaster    Date of Signature: 9-2-15

Time Stamp Below:

2015 SEP 1

| Grievance and Request Reference #: | Category: |
|---|---|
| NON - Grievable - | Harassment |

Inmate Grievance and Request Program Staff's Signature:

Beard

Exhibit 9 , Four Pgs.     Supreme Court

State Of New York

RECEIVED
SDNY DOCKET UNIT

2018 SEP 14  PM 4: 29

Shawn July aka Warren Lancaster :
      (Petitioner)  :

              :

    v.          :

              :

C. Saunders, Warrden, and  :
Richard A. Brown, Dist. Attorney:
      (Respondents) : Doc. No. 99Q022661

## WRIT OF HABEAS CORPUS

TO THE HONORABLE, JUDGES OF SAID COURT:

AND NOW comes, Petitioner, Shawn July aka Warren lancaster, in propria persona, and hereby moves this Honorable Court to grant a Writ of Habeas Corpus, and avers the following in support thereof:

1. Petitioner is detained and restrained of his liberty in a New York Correctional facility, Vernon C. Bain Center (VCBC), located at One (1) Halleck Street, Bronx, New York, 10474.

2. The underlying basis for petitioner's detention stems from criminal charges that arose May 9th, 1999. (Possession of a Controlled Substance in the Third Degree pursuant to Penal Law Section 220.16).

3. Petitioner was previously and continuously incarcerated in Trenton, New Jersey since May 14th, 1999 until May 5th, 2015.

4. The City of New York knew petitioner was incarcerated in New Jersey the entire time as a detainer was lodged.

5. Petitioner filed an Interstate Agreement on Detainers (IAD) Motion in order to resolve this matter on November 14th, 2014.

6. The basis for the Writ of Habeas Corpus is pursuant or in accordance with two (2) legal claims.

    A.) There was never any probable cause for petitioner's arrest.

    B.) The Court failed to bring petitioner to trial pursuant or in accordance with CPLR 7001-7012.

8. On May 9th, 1999, petitioner was visiting friends in New York.

8. Law enforcement officials arrived, in which, upon entry to the friend's home (where approx. 8 other individuals were present) they searched and/or found a small amount of drugs.

9. The owner of the home-immediately-took responsibility for the drugs found and informed the officers that no one else had knowledge of said drugs.

10. The officers then informed everyone that they were not worried about the drugs, but wanted to speak to the petitioner and another individual present about a crime that had accurred sometime in the recent past.

11. Petitioner was then detained for seventy-two (72) hrs. at the Queens Borough precinct in which he was questioned about the other crime. Petitioner informed the officers that he was from NJ and knew nothing about the crime as he just arrived in NY the day of his detainment.

12. Petitioner avers that at the end of the (72) hours detainment he was then taken in front of a Judge where he then learned that he was being charged with the drugs that were found on his friends.

13. It is important to note that, no other individual (including the owners of the home) were ever charged with the drugs.

14. Petioner avers that without any evidence of petitioner having knowledge of the drugs that were found on his friends that, "mere presence at the scene of a crime is not a crime in itself."

15. Petitioner avers that the Court or Respondents also failed to bring petitioner to trial or start his trial within the 120 days as required by law.

16. Even though the law requires that petitioner must be brought to trial within six (6) months, the law requires under CPL Section 580.20 Art. IV. subd.(c), states that, "trial must be started within a 120 days, from the time the petitioner is returned."

17. Moreover, petitioner asserts that, as of this day, petitioner has still not been brought to trial.


WHEREFORE, the petitioner respectfully Orders that this Court grant this Writ of Habeas Corpus due to the lack of probable cause to arrest petitioner, and pursuant to or in accordance with CPLR Sect. 7001-7012, due to the Court or Respondents' failure to start trial within a 120 days after petitioner's arrival back to the Borough of Queens, New York State, and for any further relief this Court may deem just and/or proper.


DATED: _Aug. 27, 2015_

Respectfully Submitted,

_Shawn July_

Shawn   July   aka   Warren
Lancaster
One Halleck Street
Bronx, NY 10474

3.

<u>PROOF OF SERVICE</u>

RECEIVED
SDNY DOCKET UNIT

2018 SEP 14  PM 4: 29

    I, Shawn July aka Warren Lancaster, do hereby certify that a true and correct copy of the foregoing was served on the Prothontary, Clerk of Courts, Supreme Court, New York.

DATED: _Aug. 27,2015_

_Shawn July_

Shawn July aka Warren
Lancaster

Exhibit 10 , Four Pgs.



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version: NYC-COMPT-BLA-PD1-M

# Property Damage or Loss Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence,* you must start legal action to preserve your rights.
TYPE OR PRINT

**I am filing:**  ● On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

○ Attorney is filing.

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Relationship to the claimant: | |

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

## Claimant Information

| | |
|---|---|
| *Last Name: | LANCASTER |
| *First Name: | WARREN |
| Address: | VERNON C .BAIN CENTER |
| Address 2: | 1 HALLECK STREET,(1BA) |
| City: | BRONX,NEW YORK 10474 |
| State: | N.Y. |
| Zip Code: | 10474 |
| Country: | |
| Date of Birth: | 10-30-1977    *Format: MM/DD/YYYY* |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: | *Format: MM/DD/YYYY* |
| Phone: | |
| Email Address: | |
| Occupation: | |
| City Employee? | ○ Yes  ● No  ○ NA |
| Gender | ● Male  ○ Female  ○ Other |



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident:    AUGUST 31,2015    Format: MM/DD/YYYY

Time of Incident:    BETWEEN,11am    Format: HH:MM AM/PM
                     & 1pm

*Location of
Incident:

VERNON C BAIN CENTER
1 HALLECK STREET(1BA)
BRONX,NEW YORK 10474

Property Clerk
Voucher Number:

District Attorney
Release Number:

Address:

Address 2:

City:

State:

Borough:

**Manner in which claim arose:**

**Attach extra sheet(s) if more room is needed.**

. ON AUGUST 31,2015 DURING A HOUSING AREA SEARCH MY PERSONAL
PROPERTY WAS "ILLEGALLY TOOKEN BY CORRECTIONAL OFFICER,CAPTAIN
NNORTON   NORTON NOT ONLY UNLAWFULLY TOOK MY PERSONAL PROPERTY
(MAINLY A BUCKET FILL OF COMMISSARY FOOD AND HYGIENE ITEMS

   NORTON ALSO DAMAGE A NUMBER OF MY MAGAZINE PUBLICATIONS
BY THROWING AN OPEN PACK OF COFFEE ON THE MAGAZINES PAGES
CAUSING THE MAGAZINE TO BE DAMAGE.

**The items of damage claimed are (include dollar amounts):**

**Attach extra sheet(s) if more room is needed.**

   THE  SUM OF ONE HUNDRED AND TWENTY DOLLARS ($120.00) IN
THE VALUE OF COMMISSARY ITEMS,AND THIRTY DOLLARS($30.00) IN
DAMAGES TO MY MAGAZINE PUBLICATION.



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Witness 1 Information**

| | |
|---|---|
| Last Name: | JACKSON |
| First Name: | JEFFREY #9801500593 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK STREET |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 4 Information**

| | |
|---|---|
| Last Name: | Pickering |
| First Name: | Demtrios #2101500355 |
| Address | Vernon C. Bain center |
| Address 2: | 1 Halleck Street |
| City: | Bronx |
| State: | New York |
| Zip Code: | 10474 |

**Witness 2 Information**

| | |
|---|---|
| Last Name: | BROWN |
| First Name: | HASSAN 2101500574 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK STREET |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 5 Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 3 Information**

| | |
|---|---|
| Last Name: | SIMON |
| First Name: | RAHEEM 2411502965 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK STREET |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 6 Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Police Information**

| | |
|---|---|
| Police Officer Last Name: | |
| Police Officer First Name: | |
| Shield Number: | |
| Precinct: | |
| Report Number: | |

**Please indicate which of the following reports you have**

☐ Accident Report

☐ Aided Report

☐ Complaint Report



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Insurance Information**

Do you have insurance?  ○ Yes ○ No

Did you report your accident to your insurance company?  ○ Yes ○ No

Were you paid by your insurance company?  ○ Yes ○ No

Is payment pending?  ○ Yes ○ No

Deductible Amount:

Insurance Company Name:

Address:

Address 2:

City:

State:

Zip Code:

Policy #:

Phone #:

Agent Name:

**City vehicle information**

Plate #:

City Driver Last Name:

City Driver First Name:

*Total Amount Claimed:

*Format: Do not include "$" or ",".*

SEP. 8, 2015
_____
Date

_Warren Lancaster_
_____
Signature of Claimant

State of New York
County of

I, _Warren Lancaster_____, being duly sworn depose and say that I have read the foregoing
NOTICE OF CLAIM and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated
to be alleged upon information and belief, and as to those matters, I believe them to be true.

Sworn before me this day _8th. of September, 2015_

Signature of Claimant _Warren Lancaster_

Signature of notary _Jose L Pimentel_

Jose L Pimentel
Notary Public State of NY
No 03-48971[?]
Qualified in Bronx County
Commission Expires Sept 30, _2017_

Exhibit 11 , Six Pgs.



**New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:   NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence*, you must start legal action to preserve your rights.
TYPE OR PRINT

**I am filing:** ● On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Relationship to the claimant: | |

○ Attorney is filing.

**Attorney Information (if claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

**Claimant Information**

| | |
|---|---|
| *Last Name: | LANCASTER #441503627 |
| *First Name: | WARREN (A.K.A) SHAWN |
| Address: | July # 267015C-140161 |
| Address 2: | NEW JERSEY STATE PRISON |
| City: | P.O. BOX 861 TRENTON |
| State: | NEW JERSEY |
| Zip Code: | 08625 |
| Country: | MERCER |
| Date of Birth: | 10-30-77  Format: MM/DD/YYYY |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | |
| Email Address: | |
| Occupation: | |

City Employee?   ○ Yes   ● No   ○ NA

Gender   ● Male   ○ Female   ○ Other

* *Denotes required field(s).*


New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

The time and place where the claim arose

*Date of Incident: 10-28-15    Format: MM/DD/YYYY

Time of Incident: 10-28-15    Format: HH:MM AM/PM

*Location of Incident:
VERNON C. BAIN CENTER
1 HALLACK STREET
BRONX, N.Y. 10474

Address:
Address 2:
City:
State:
Borough:

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed.

I WARREN LANCASTER#4411503627 a.k.a. SHAWN JULY#140161-267615d
ON MAY 9,1999, I WAS ILLEGALLY DETAINED UNDER THE CUSTODY OF
NEW YORK POLICE DEPARTMENT (N.Y.P.D) COMMAND 101 (PRECENT)
THE OFFICER WHO UNLAWFULLY BROUGHT ME INTO CUSTODY WAS OFFICER
PIZARRO,SHIELD#04910 under arrest I.D#Q99023B2B. WITH OUT A
WARRANT OR PROBABLE CAUSE ,OFFICER PIZARRO UNLAWFULLY DETAINED ME
IN A HOLDING CELL OF THE 101PRECENT FOR THREE(3)days.ON THE THIRD
DAY CHARGES AGAINST ME WAS FILE,(CRIM. POSS. OF CONT. SUBST.
220.6).I LATER POSTED BAIL ON THE CHARGE IN QUESTION.

    , SOON AFTER I WAS ARRESTED IN THE STATE OF N.J. ON AN
UNRELATED INCIDENT. IN 2000 WHILE IN PRISON IN N.J. A MOTION
WAS SUBMITTED ON MY BEHALF REQUESTING A SPEEDY TRIAL UNDER §§
30.30 SO THAT I CAN BE RETURN TO QUEENS COUINTY ON THE MATTER
IN QUESTION. ON NOVEMBER 14,2014 A REQUEST WAS MADE IN ACCORDANC
WITH THE INTERSTATE AGREEMENT ON DETAINER(IAD) §80.20 article
III. THE QUEENS COUNTY CAME TO EXECUTE THE WARRANT ON THE
5th DAY OF MAY 2015,AT WHICH TIME IWAS DELIVERED FOR TEMPORARY
CUSTODY OF QUEENS COUNTY DISTRICT ATTORNEY,AND WAS DETAINED
AT THE VERNON C.BAIN CENTER,1 HALLACK ST.;BRONX N.Y.10474.

     (CONTINUED ON ATT. PAGE(S) (2a)

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed.

FOR THE "EMOTIONAL DISTRESS" AND "PAIN AND SUFFERING WHICH I
ENDURED AS A RESULT OF THE VIOLATION OF MY CIVIL RIGHTS BY BEING
UNLAWFULLY IMPRISONED, AND MALICIOUSLY PROSECUTED, AND UNLAWFULLY
DETAINED following THE DISMISSAL OF MY CASE.

    I CLAIM DAMAGE FOR INJURIES IN THE AMOUNT OF $100,000.00
ONE HUNDRED ~~~~~~ THOUSAND DOLLARS.

CONT. FROM PAGE #2 .

ON SEPTEMBER 28,2015, THE MATTER OF PEOPLE V. WARREN
LANCASTER DOCKET#99Q022661 WAS DISMISSED.

THE QUEENS COUNTY DISTRICT ATTORNEY,RICHARD A BROWN
AND ALL DISTRICT ATTORNIES OF THE SAME OFFICE AND HAVING
INVOLVEMENT WITH THIS MATTER DENIED CLAIMANT OF MY CIVIL
RIGHTS BY  UNLAWFULLY IMPRISONMENT,AND FOR MALICIOUS
PROSECUTION.

DESPITE, THE DISMISSAL OF THE CHARGES IN QUEENS COUNTY
I THE CLAIMANT WAS STILL DETAINED AND RESTRAINED UNLAWFULLY
UNDER THE COUNTY OF NEW YORK CITY CORRECTIONAL FACILITY V.C.B.C
LOCATED AT 1 HALLACK ST.;BRONX N.Y.10474.

ON SEPTEMBER 3, 2015,CLAIMANT SPOKE TO A DEPARTMENT CAPTAIN
NORTON CONCERNING MY UNLAWFUL DETENTION,AND  I WAS TOLD THAT
N.Y.D.O.C. WAS GONNA MAKE ME SUFFER" BY THE CAPTIN.

THE QUEENS DISTRICT ATTORNEY,RICHARD A. BROWN  AND ALL
DISTRICT ATTORNIES OF THE SAME OFFICE AND HAVING INVOLVEMENT
WITH THIS MATTER CONSPIRED  WITH THE WARDEN Saunders, AND SECURITY
CAPTAIN NORTON AS WELL AS OTHERS CORRECTIONAL OFFICIAL TO
UNLAWFULLY KEEP ME IN CUSTODY OF NEW YORK CORRECTIONAL SYSTEM
AFTER ALL PENDING CHARGES AGAINST ME WAS DISMISSED.

THE QUEENS COUNTY BAIL OFFICE REFUSE TO RETURN THE BAIL MONEY
THAT WAS POSTED IN THE MATTER OF PEOPLE V. WARREN LANCASTER  DOCKET #
99Q022661.


New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Medical Information**

| | |
|---|---|
| 1st Treatment Date: | *Format: MM/DD/YYYY* |
| Hospital/Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Date Treated in Emergency Room: | *Format: MM/DD/YYYY* |

Was claimant taken to hospital by an ambulance?      ○ Yes   ○ No   ● NA

**Employment Information (If claiming lost wages).**

| | |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Witness 1 Information**

| | |
|---|---|
| Last Name: | JACKSON |
| First Name: | JEFFREY #9801500593 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK ST. |
| City: | NEW YORK BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 4 Information**

| | |
|---|---|
| Last Name: | PICKERING |
| First Name: | DEMTRIOCS #2161500355 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK ST. |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 2 Information**

| | |
|---|---|
| Last Name: | BROWN |
| First Name: | HASSAN #2101500574 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK ST. |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 5 Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Witness 3 Information**

| | |
|---|---|
| Last Name: | SIMON |
| First Name: | RAHEEM #2411562965 |
| Address | VERNON C. BAIN CENTER |
| Address 2: | 1 HALLECK ST. |
| City: | BRONX |
| State: | NEW YORK |
| Zip Code: | 10474 |

**Witness 6 Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

*Denotes required field(s).*



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Complete if claim involves a NYC vehicle

**Owner of vehicle claimant was traveling in**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Non-City vehicle driver**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Insurance Information**

| | |
|---|---|
| Insurance Company Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |

**Non-City vehicle information**

| | |
|---|---|
| Make, Model, Year of Vehicle: | |
| Plate #: | |
| VIN #: | |

**City vehicle information**

| | |
|---|---|
| Plate #: | |
| City Driver Last Name: | |
| City Driver First Name: | |

**Description of claimant:**
- ○ Driver
- ○ Passenger
- ○ Pedestrian
- ○ Bicyclist
- ○ Motorcyclist
- ● Other

**\*Total Amount Claimed:** 100,000.00    Format: Do not include "$" or ","

11/16/15
Date

*Warren Lancaster*
Signature of Claimant

State of New York
County of BRONX

I, WARREN LANCASTER, A.K.A. SHAWN July, being duly sworn depose and say that I have read the foregoing NOTICE OF CLAIM and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

WILLIAM M. LEONARD
NOTARY PUBLIC OF NEW JERSEY
ID # 2450689
My Commission Expires 5/23/2019

Sworn before me this day 11/16/15

Signature of Claimant *Warren Lancaster*

Signature of notary *W. M. Leon*

23

\* Denotes required field(s).

THE UNITED STATES DISTRICT COURT

THE SOUTHERN DISTRICT OF NEW YORK

Shawn July                          :
    (Plaintiff)              :
                              :
    v.                        :      Civil Action No._____
                              :
New York City et al.,               :
    (Defendant(s)             :

RECEIVED
SDNY DOCKET UNIT

2018 SEP 14  PM 4: 29

NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS

TO: _____
   (Name of defendant or-if defendant is corporation,partnership,
   or association-an officer authorized to receive service.)

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must returned the signed waiver within__days (give at least 30 days, or at least 60 if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, i will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see date below) to answer the complaint (or 90 if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of makiing service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:_____

                                    _____
                                      Signature of party

                                      _____

WAIVER OF SERVICE OF SUMMONS

TO:United States Marshal's Service _____

_    I acknowledge receipt of your request that I waive service of a summons in the action of_____vs._____ which is case number _____in the United States District Court for the Southern District of New York. I have also received a copy of the complaintin the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after_____(date, request was sent), or within 90 days after the date if the request was sent outside the United States.

Date;_____          _____
                                      Signature

Printed/Typed Name_____

Title if any:_____

Counsel for:_____

Exhibit 3

  

# CORRECTION DEPARTMENT
# CITY OF NEW YORK

## HEARING REPORT AND NOTICE OF DISCIPLINARY DISPOSITION

| | |
|---|---|
| Page 2 of 2 Pages | Form: 6500D Rev.: 02/09/07 Ref.: Dir. #6500R-B |

**DOCUMENTARY EVIDENCE (Where applicable)**

| | | Shown to Inmate | |
|---|---|---|---|
| Photograph of Injury: | ☐ Yes ☑ No | | ☐ Yes ☑ No |
| Photocopy of Weapon: | ☐ Yes ☐ No  *6500 AB* | Shown to Inmate: | ☐ Yes ☐ No |
| Reports - Specify Types: | ☑ Yes ☐ No *Witness Use of force report* | Shown to Inmate: | ☑ Yes ☐ No |
| Logbooks - Specify Types: | ☐ Yes ☐ No *Use of force reports* | Shown to Inmate: | ☐ Yes ☐ No |
| Infraction Investigation: | ☑ Yes ☐ No *Injury report* | Shown to Inmate: | ☑ Yes ☐ No |
| Physical Evidence (List): | ☐ Yes ☑ No | Shown to Inmate: | ☐ Yes ☑ No |
| Witness Statements (List Witnesses): | ☐ Yes ☑ No | Shown to Inmate: | ☐ Yes ☐ No |

On this date and time following disposition was reached after a hearing on the charges listed below: *10-9-15*

| Charge # | Dismissed | Guilty | Penalty | Basis for Findings & Evidence Relied On |
|---|---|---|---|---|
| 120.10 | X | ✓ | *Reprimand* | Based on Captain Santos 1179 6500A report, Captain Visnale 174 eyewitness account, investigating Captain Vega 180 6500B report |
| 110.10 | X | ✓ | | Use of force reports, witness use of force reports and injury report, along with you plead not guilty and your testimony: |
| 101.10 | ✓ *Unsubstantiated* | X | X | I find you guilty and the Charges were substantiated |

*(circled)* Reprimand            *(circled)* Reprimand

Twenty Five Dollar ($25) Disciplinary Surcharge Grade I or Grade II offenses only: ☐ Yes    ☐ No

If you have been found guilty of multiple rule violations, these penalties will be served: *N/A*  ☐ Consecutively  ☐ Concurrently

Infraction Dismissed: ☐ Yes  ☑ No
Reason:

Pre-Hearing Detention Time Credit: _X_ Days.

| Adjudication Captain (Print Name, Rank, Shield #): *K. WILEY Capt 9?* | Signature of Adjudication Captain: *K. Wiley* |
|---|---|

You have the right to appeal an adverse decision rendered by the Adjudication Captain within two (2) days of service of this decision. If you have been sentenced to a total of thirty (30) days or more of punitive segregation or loss of all your good time on any one (1) Notice of Disciplinary Disposition (6500D), your appeal shall be forwarded to the General Counsel in the Legal Division. Within five (5) business days of the receipt of your appeal, you will receive a written decision from the General Counsel regarding such appeal unless further documentation/information is required by the General Counsel to decide your appeal. In those cases, the five (5) business day time limit shall be extended and the reasons for the extension will be noted on the General Counsel's decision to you. If you receive an unfavorable decision from the General Counsel or you do not receive a decision from the General Counsel within ten (10) business days of receipt of your appeal, you may file a petition for a writ under Article 78 of the CPLR. If you are sentenced to less that thirty (30) days punitive segregation or loss of less than all your good time, you may appeal that decision to the Warden of the facility where the infraction occurred.

| I certify that I received a copy of this notice: | Signature of Inmate: *(X Warren Sansaar)* | B&C/Sentence #: *24150B627* | Date: *10/13/15* | Time: *1255* |
|---|---|---|---|---|
| Served by (Print Name, Rank and Shield #): | *None certified* | Signature of Server: | | |
| Refused to Sign for Notice: ☐ Yes ☐ No | | Witnessed By: | | |

*Handwritten top margin: Had requested for all Staff involved Witness or use of force Reports*



# CORRECTION DEPARTMENT
# CITY OF NEW YORK

## HEARING REPORT AND NOTICE OF DISCIPLINARY DISPOSITION



Page 1 of 2 Pages

Form: 6500D
Rev.: 02/09/07
Ref.: Dir. #6500R-B

| Infraction #: 610/15 | Institution: NCBC |
|---|---|

Inmate Name (Last, First): Lancaster Warren

B&C/ Sentence #: 441503627     NYSID #: 09216839M

| Location: 13B | Disposition Date: 9-29-15 Hearing | Disposition Time: 1610 Hrs. |
|---|---|---|

Adjudication Captain (Print Name, Rank & Shield #): Capt K. Wiley 98

| Tape Data (Tape #): E-25 | Counter # at Start: audio | Counter # at End: audio |
|---|---|---|

Inmate's Accompanying card indicates Inmate Received Rule Book: [✓] Yes [ ] No

Inmate requested Witness(es): [✓] Yes [ ] No [ ] Waived [ ] Request Granted [ ] Denied (If waived, inmate must sign. If denied, state reason.)
Reason:

Inmate requested Hearing Facilitator: [ ] Yes [✓] No [ ] Waived [ ] Request Granted [ ] Denied (If yes, Hearing Facilitator must sign. If waived, inmate must sign. If denied, state reason.)
Reason:

Inmate Requested Interpreter: [ ] Yes [✓] No [ ] Waived [ ] Request Granted [ ] Denied (If yes, interpreter must sign. If waived, inmate must sign. If denied, state reason.)
Reason:

If inmate advised of right to remain silent was inmate advised that statements could be used against him/her. [✓] Yes [ ] No [ ] Not Applicable

**Special Situations**

Hearing In Absentia: [ ] Inmate Refused to Appear   [ ] Removed from Hearing Due to ____

Adjournment: [ ] By Adjudication Captain   Date Reconvened 10 17 15 1015 hrs   Specify Reason by Capt K. Wiley Audio D-04

[ ] By Inmate   Waived Time Limits to Facilitate Adjournment (Inmate Signature)

Referral: [ ] Security   [ ] Mental Health   [ ] Inspector General

Inmate Pled: [ ] Guilty   [✓] Not Guilty   [ ] Guilty with an Explanation

Summary of Inmate's Testimony: After the search was over the officers had an incident with another inmate. then they sprayed him, another inmate got up (Lugo) say that's not right then they sprayed him, I got up because I was choking I wasn't involved with anything and then they spayed me

The following witness(es) testified at your hearing. (If additional witnesses testified, attach additional sheets.)

Witness Name (Last Name, First Name): Bigland, William
Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if inmate): 2411-13-03609   LAD

Witness Signature (Present at Hearing): 241103609

Witness testified in the presence of the charged inmate: [✓] Yes [ ] No   If no, state reason:

Summary of Testimony: They had an incident with the first inmate (Avilaes) Esu came in and then Lugo got upset and stood up and they sprayed him. Lancaster must have gotten an Lancaster because he stood up and then the other Officer sprayed him from the side. they they took them out

Testimony was: [✓] Credited [ ] Rejected   Reason:

Witness Name (Last Name, First Name): Cabezas Duston
Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if inmate): 113-15-00307   LAB

Witness Signature (Present at Hearing): 113-15-00309   Yes

Witness testified in the presence of the charged inmate: [✓] Yes [ ] No   If no, state reason:

Summary of Testimony: The officer had an incident with the first inmate (Avilaes) then and then Lancaster said why y'all doing that and then they sprayed and the whole dorm was coughing and they took them out

Testimony was: [✓] Credited [ ] Rejected   Reason:

Exhibit 7.



# CORRECTION DEPARTMENT
# CITY OF NEW YORK

## REPORT AND NOTICE OF INFRACTION

Form: 6500A
Rev.: 02/09/07
Ref.: Dir. #6500R-B



| Infraction #: | Institution: VCBC | Date of Incident: 09-16-15 | Date of Report: 09-16-15 |
|---|---|---|---|
| Inmate Name (Last, First): Lancaster, Warren | | B&C/ Sentence #: 441-15-03627 | NYSID #: 09216839M |
| Location of Incident (Be Specific): 1B B-side Dorm Area | | Housing Area Location   1B | Approximate Time of Incident: 0640hrs. |

| Charge #(s) | Offense(s): | Charge#(s) | Offense(s): |
|---|---|---|---|
| 101.10 | Attempted Assault on Staff | 120.10 | Refusing direct orders |
| 110.10 | Disrupting Institutional Programs (Search) | 117.10 | Inmate Movement |

| Reporting Official (Print Name, Rank and Shield): Captain Santos #1179 | Reporting Official (Signature) |
|---|---|

**Details of Incident (Include Details as to How, When and Where Infraction was Committed:**

AS reported by Captain Vismale #174, On September 16, 2015 at approx. 0640 hours in Unit 1BB, upon completion of a Divisional Search in the dorm, all inmates were instructed to remain seated on their bed until the completion of sanitation. At this time inmate Avilaez, Jose #241-15-06646 sat up on his bed and stated "fuck that, now you all want to be tough that everybody left" and put his sneakers on. Inmate Avilaez then stood up and advanced towards Captain Vismale. C.O. Wallace #18025 who was in the immediate area, blocked inmate Avilaez from approaching Captain Vismale and used an upper body control hold and secured inmate Avilaez on the wall. C.O. Arias #3856 assisted by placing inmate Avilaez in handcuffs. At this time inmate Lugo, Jacob #241-15-02384 and Lancaster, Warren #441-1503627 got out of their assigned beds and approached staff in an attempt to assist inmate Avilaez. Captain Vismale ordered inmate Lugo and Lancaster to return to their beds and they did not comply. Emergent response team was situated outside of the housing unit and was summoned by Captain Vismale to assist. ESU entered and C.O. Lamar #18472 ordered inmates Lugo and Lancaster to return to their beds and they refused. C.O. Lamar then dispersed chemical agents to the face of inmate Lugo and C.O. Cai #18404 dispersed chemical agent towards the face of inmate Lancaster who took his mattress and blocked the chemical agent. C.O. Alasan then assisted and dispersed chemical agent to inmate Lancaster which had the desired effect. Said inmates were placed in mechanical restraints and escorted out of the housing unit to the intake to begin decontamination without incident.

At this time inmate you are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this Notice. If you are a sentence inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention Inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:
1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to assistance of a Hearing Facilitator if the Adjudication Captain deems one is necessary.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE TO INMATE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed upon you. The following penalties are the maximum which may be imposed individually or in any combination:
1. Reprimand,
2. Loss of all privileges,
3. Loss of all good time if you are a sentence inmate,
4. Punitive segregation for up to ninety (90) days per each applicable individual charge,
5. Restitution for the intentional destruction of City property,
A twenty five (25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense.
You have the right to appeal an adverse decision rendered by the Hearing Officer.

| Interpreter Requested: | [ ] Yes | [X] No (If yes, include What Language) _____ |
|---|---|---|

| Hearing Facilitator Requested: | [ ] Yes | [X] No |
|---|---|---|

| Witnesses Requested: | [ ] Yes | [X] No (If yes, include witness(es) Name, Book and Case Number (if inmate)or Shield /ID (if staff) and location (if inmate) or Post (if staff). |
|---|---|---|

Witness (Print Name):_____ Number:_____ Location:_____

Witness (Print Name):_____ Number:_____ Location:_____

Witness (Print Name):_____ Number:_____ Location:_____

Witness (Print Name):_____ Shield/ ID Number:_____ Post:_____

| I certify that I received a copy of this notice: | Signature of Inmate (X) Refusel to Sign | Date: 09-21-15 | Time: 1055 Hrs. |
|---|---|---|---|

| Served by (Print Name, Rank and Shield #): VEGA CAPT #1820 | Signature of Server: |
|---|---|

witnessed by X 4 Mani                    INMATE  ~~FACILITY~~  COPY

SHAWN JULY#140161-067015C

NEW JERSEY STATE PRISON

P.O. BOX 861

TRENTON, N.J. 08625

RECEIVED
SDNY DOCKET UNIT
2018 SEP 14 PM 4:28.1
CLERK'S OFFICE
S.D. OF N.Y.

Po Se_SM

TO: CLERK, U.S.D.C.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF

NEW YORK

500 PEARL STREET

NEW YORK, NY 10017-1310