

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2019

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

HANNAH V. FADDIS
*Senior Counsel*
phone: (212) 356-2486
fax: (212) 356-3509
hfaddis@law.nyc.gov

November 26, 2019

**BY ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Shawn July v. City of New York, et al.
18-cv-8431 (JGK)

Your Honor:

*[Handwritten annotation: Case stayed and all deadlines stayed pending the conference scheduled for 12/4/19. So ordered. /s/ John G. Koeltl U.S.D.J. 11/27/19]*

I am the attorney assigned to represent defendants the City of New York and Warden Saunders in the above-referenced matter.[1] Defendants write to respectfully request: (1) a pre-motion conference pursuant to their anticipated motion to dismiss the Complaint; (2) a stay of proceedings and adjournment *sine die* of all pending deadlines and appearances until after adjudication of defendants' motion; and (3) that the Court *sua sponte* enlarge the time to respond to the Complaint on behalf of defendants Arias, Cai, Henry, Lamar, and Wallace. Plaintiff's counsel has consented to the latter request for enlargement.

**I. Factual Background**

Plaintiff commenced this action by filing a complaint on September 14, 2018, against defendants City of New York, Detective Pizarro of the New York City Police Department ("NYPD"), three John Doe NYPD Officers, New York City Department of Correction ("DOC") Warden Saunders, DOC Captains Vismale, Norton, and Santos, and DOC Correction Officers Arias, Cai, Henry, Lamar, and Wallace (ECF No. 2). Plaintiff's claims against the members of the NYPD arise from his arrest on May 9, 1999, which plaintiff alleges was made without a warrant or probable cause. Plaintiff further alleges that, following his arrest, he was maliciously prosecuted by Det. Pizarro[2] for not cooperating with an ongoing investigation. Records reflect that plaintiff was arrested for criminal possession of a controlled substance with intent to sell and criminal possession of a loaded gun, and prosecuted. Plaintiff alleges that following arraignment he posted bail, and immediately returned to New Jersey. Plaintiff was arrested on May 14, 1999,

---

[1] Please take further notice that this case is assigned to Assistant Corporation Counsel Andrew B. Spears, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision. Mr. Spears may be reached directly at (212) 356-3159 or aspears@law.nyc.gov.

[2] Upon information and belief, Det. Pizarro has not yet been served and thus has not been joined a party in this action.

in New Jersey, convicted of aggravated manslaughter, and sentenced to a 20-year term of incarceration. In 2015, while plaintiff was serving his New Jersey sentence, he requested a transfer to New York to resolve the open charges from his 1999 arrest. While plaintiff was in DOC custody in 2015, he alleges that he was subjected to various constitutional violations by members of the DOC, including Fourth Amendment violations relating to his property, and excessive force. Plaintiff also purports to bring a Monell claim, alleging that the City has a policy of arresting individuals without probable cause. Plaintiff alleges that the charges against him were dismissed on September 28, 2015.

## II. Defendants' Motion to Dismiss (NYPD Claims)

### A. Plaintiff's False Arrest Claim Is Time-Barred

Plaintiff was arrested on May 9, 1999 and alleges that he was detained for 72 hours, before being charged and released on bail. Thus, plaintiff's federal false arrest claim accrued on May 9, 1999 and any state law false arrest claim accrued on May 12, 1999. Accordingly, the statute of limitations for plaintiff's federal and state false arrest claims expired on May 9, 2002 and May 12, 2002, respectively. Plaintiff's Complaint was not filed until September 14, 2018 (ECF No. 2). Therefore, plaintiff's false arrest claims are time-barred.

### B. Plaintiff Fails to Adequately Plead A Claim for Malicious Prosecution

Plaintiff's malicious prosecution claim also fails, as *inter alia* plaintiff does not plead any post-arraignment deprivation of liberty. On a malicious prosecution claim under Section 1983, a plaintiff must allege, *inter alia*, a "post-arraignment deprivation of liberty that rises to the level of a constitutional 'seizure.'" Coleman v. City of New York, 688 F. App'x 56 (2d. Cir. 2017). "[F]or purposes of a malicious prosecution claim, [] 'an inmate already incarcerated has not suffered any unconstitutional deprivation of liberty as a result of being charged with new criminal offenses.'" Willis v. Rochester Police Dep't, No. 15 Civ. 6284 (FPG), 2018 U.S. Dist. LEXIS 166368, *16-17 (W.D.N.Y Sept. 27, 2018). Here, plaintiff does not allege that his time spent in New York custody lengthened his overall prison term. Thus, plaintiff fails to adequately plead a malicious prosecution claim.

### C. Defendants Are Entitled to Qualified Immunity

At a minimum, the NYPD defendants are entitled to qualified immunity, as arguable probable cause existed for plaintiff's arrest and prosecution. "[P]olice officers are entitled to qualified immunity, which shields them from civil damages and liability, so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Universal Calvary Church v. City of New York, No. 96 Civ. 4606 (RPP) and related Group A-1 cases, 2000 U.S. Dist. LEXIS 15153, at *29-30 (S.D.N.Y. Oct. 13, 2000). "Occupants of a house who have access to the area in which the contraband is found may have constructive possession of the contraband." Muir v. City of New York, No. 18 Civ. 3400 (BMC), 2019 U.S. Dist. LEXIS 105163, at *6 (E.D.N.Y. Jun. 24, 2019). Plaintiff alleges that he was inside a friend's apartment when NYPD officers discovered a quantity of drugs on plaintiff's friend and in "another area of the home." (Compl., ECF No. 2 p. 4). The recovery of drugs inside the apartment provided officers with, at a minimum, arguable probable cause to arrest those within the premises, including plaintiff. Further, the recovery of a firearm in plaintiff's possession provided, at least, arguable probable cause for his arrest and prosecution. Thus, the NYPD defendants are entitled to qualified immunity.

### D. Plaintiff's Remaining Claims Are Unsupported

The Complaint also purports to state claims for municipal liability, abuse of process, retaliation, and cruel and unusual punishment. To the extent that plaintiff has failed to plead facts to support these claims, or they are without legal basis, they must be dismissed.

## III. Defendants' Motion to Dismiss (DOC Claims)

### A. Plaintiff's Excessive Force Claims Are Group Pled

Plaintiff's excessive force allegations fail to adequately allege the personal involvement of the five named correction officers. "An individually named defendant cannot be held liable for a plaintiff's alleged Section 1983 claim absent personal involvement in the alleged constitutional deprivation." Johnson v. City of New York, No. 15 Civ. 8195 (GHW), 2017 U.S. Dist. LEXIS 81359, at *26 (S.D.N.Y. May 26, 2017). "[A]s a corollary to the personal-involvement rule, complaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.'" Id. Here, the Complaint does not allege which defendants were involved in the alleged unlawful conduct and how. Accordingly, plaintiff's Complaint fails to adequately allege personal involvement.

### B. Plaintiff's Fourth Amendment Claim Against Defendant Norton Is Time-Barred

Plaintiff's Fourth Amendment property claim is subject to a three-year statute of limitations that begins to run when the alleged violation occurred, on August 31, 2015. (Compl. Ex. 10). Accordingly, the statute of limitations expired on August 31, 2018. Plaintiff's Complaint relating to the alleged Fourth Amendment violation was not filed until September 14, 2018 (ECF No. 2). Therefore, plaintiff's Fourth Amendment property claim is time-barred.

### C. Plaintiff's Remaining Claims Are Unsupported

Plaintiff's Complaint purports to state additional claims for supervisory liability and abuse of process. To the extent that plaintiff has failed to plead facts or allege a basis to support these claims, they must be dismissed.

## IV. Pre-Motion Conference

Defendants are requesting, pursuant to the Court's Individual Rules, that the Court schedule a pre-motion conference on defendants' anticipated motion to dismiss. In the event the Court deems a pre-motion conference unnecessary, defendants respectfully request that the Court endorse the following briefing schedule:

       i. Defendants file their motion papers on or before January 7, 2020;

       ii. Plaintiff files his Opposition on or before February 4, 2020; and

       iii. Defendants file their reply on or before February 18, 2020.

## V. Stay of Proceedings

Furthermore, because all claims against the defendants in this case are ripe for dismissal, discovery is not necessary at this stage. As such, defendants respectfully request a stay of proceedings and adjournment *sine die* of all pending deadlines and appearances until after the adjudication of defendants' motion. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause." "Good cause may be shown

where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Boelter v. Hearst Communs., Inc., No. 15 Civ. 03934 (AT), 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016) (quoting Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., No. 02 Civ. 01276 (PKL), 206 F.R.D. 367, 368, 2002 U.S. Dist. LEXIS 6021 at *368 (S.D.N.Y. Apr. 8, 2002) (internal quotations omitted)). In determining whether to stay discovery, the Court should consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., No. 13 Civ. 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-*16 (E.D.N.Y. Mar. 31, 2014). Courts in this Circuit "have held that a stay of discovery is appropriate [] where the motion appears to have substantial grounds or[,] stated another way, does not appear to be without foundation in law." Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citations and quotations omitted).

In the instant action, defendants' anticipated motion to dismiss is fully dispositive of plaintiff's claims against them. As the stay of discovery would only last for the duration of the Court's consideration of the motion, plaintiff would not be prejudiced by said stay. Furthermore, in light of the fully dispositive nature of defendants' anticipated motion to dismiss, any movement toward discovery would be a waste of the Court and parties' resources. Accordingly, defendants' respectfully request that the Court stay proceedings and adjourn *sine die* all pending deadlines until after the adjudication of defendants' anticipated motion to dismiss.

## VI. Request for Enlargement

Defendants are further requesting that the Court *sua sponte* enlarge the time to respond to the Complaint on behalf of the correction officer defendants Arias, Cai, Henry, Lamar, and Wallace. Plaintiff's counsel consents to this request. This request is made to provide additional time for this Office to assess and assume representation for these named defendants.

Pursuant to Section 50-k of the New York General Municipal Law, an enlargement of time is needed so that this Office can determine, based on a review of the case, whether we can provide representation to these defendants, and they must then determine whether they wish to be represented by this Office. See Mercurio v. The City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Due to delays in receiving documents to assess representation under 50-k, as well as the upcoming holiday schedule, this Office has not yet been able to interview these officers and assume representation for them. Thus, an enlargement of time is necessary to determine whether it can and will represent the above-referenced defendants in this action. Accordingly, this Office respectfully requests that the Court *sua sponte* enlarge the time to respond to the Complaint on behalf of the named individual defendants, Arias, Cai, Henry, Lamar, and Wallace, to December 16, 2019.

Defendants thank the Court for its time and attention to this matter.

4

Respectfully submitted,

                                              /s

Hannah Faddis
*Senior Counsel*
Special Federal Litigation Division

CC:   VIA ECF
        Samuel Christopher DePaola
        *Attorney for Plaintiff*